*SEPT TERM*
**1840.**

Curle
vs
McNutt.

---

## CURLE v. PETTUS.

Petition in debt will not lie on a bond containing other stipulations than those for the payment of money or property: therefore this action cannot be maintained on a bond given for the hire of slaves, and containing besides a promise to pay a certain sum of money at a certain time, a stipulation for clothing the slaves, paying their taxes, and for returning them at the expiration of the period for which they were hired.

Appeal from the circuit court of St. Louis county.

*King & Tunstall for defendant Curle.*

The circuit court erred in this cause in overruling the demurrer filed herein. See 4 Bibb Rep., the case of Wright vs. Coleman page 252 and 253: also 7th Monroe's Rep'ts, Townsend vs. Burgher, pages 224 and 225, and particularly at the bottom of page 225; also, 6th Monroe's Kentucky Reports page 335, and 1st Bibb's page 252, and the statute of Kentucky upon which those decisions are founded, 2nd volume of their digest page 319.

SEPT. TERM
1840.

Curle
v.
Pettus.

2. The circuit court erred in setting aside the judgment against Pitman in this case upon motion of plaintiff's attorney.

### Darby for Plaintiff.

The decisions of Kentucky, generally on this statute, are inapplicable to the law of Missouri, because the statute is different. But even the decisions of Kentucky will sustain the view I have taken of the case, and show conclusively, that the circuit court decided correctly in over ruling the demurrer in this case. Kinkaid vs. Higgins, 1 Bibb 352.— Pool vs. McCaughan 6 Mon. 336. 2 vol. Brown and Morehead p. 1320.

In the case before the court, no averment was necessary. No evidence was required, except the exhibition of the note, for the direct payment of the money. Casey vs. Barcroft, 5 vol. Mo. decisions page 128. 2 vol. Mo. Decisions, Johnson vs. White, page 223.

### Opinion of the Court by Tompkins, Judge.

Pettus sued Curle in the circuit court of St. Louis county in the statutory action called petition in debt. Judgment was given for Pettus on a demurrer filed by Curle to the petition.

The bond on which the suit is brought is in these words· On or before the first day of January next we Richmond J. Curle and David R. Pitman promise to pay to William G. Pettus five hundred and sixty three dollars, being for the hire of negroes &c. for one year, who are to be clothed, taxes paid, and returned to said Pettus on the first day of January next, dated 1st January 1838, and signed &c. by the parties. It might· be well enough to close here by referring to what is said in the opinion delivered at this term in the case of Curle against M'Nutt, as a reason for the disposition about to be made of this cause. But on referring to the case of Coleman v Wright found in 4th Bibb p. 252, we find a case precisely similar to this now before us. In that case the court of appeals for the State of Kentucky say "we are of opinion that the objection is well founded." viz: that the action was misconceived; for, continues that court,

*Petition in debt will not lie on a bond containing other stipulations than those for the payment of money or property: therefore this action cannot be maintained on a bond given for the hire of slaves, and containing, besides a promise to*

"The act of assembly which gives the remedy by petition, confines it to cases for the direct payment of money. A bond or note therefore upon which a petition will lie, must be such as may be correctly described to be a bond or note for the direct payment of money; and as the note in this case contains not only a stipulation for the payment of money, but also for the clothing of the slaves, it is plain that it cannot be correctly described as a note for the payment of money only; for the whole note, and not a part only should come within the description, and the whole of its stipulations must therefore be taken into consideration, in determining the aptitude or correctness of the description."

pay a certain sum of money at a certain time, a stipulation for clothing the slaves, paying their taxes, and for returning them at the expiration of the period for which they were hired.

Our statute giving the remedy by petition varies from that of Kentucky only as it confines the remedy to the cases of bonds or notes for the direct payment of money or "*property*," and to use the language of the Kentucky court, the note sued on in this cause cannot be correctly described as a note for the direct payment either of money, or property, because it contains in addition to the promise for the direct payment of money, a stipulation for the clothing, paying taxes and return of the said slaves.

The same disposition then, that was made of the case cited from the Kentucky reports, it seems to me ought to be made of this cause, that is to reverse the judgment of the circuit court, and remand the cause in order that the plaintiff in that court may have leave to discontinue his action. Judge Napton concurring in that opinion, the judgment is accordingly reversed, and the cause remanded for the purpose aforesaid.